UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BAC HOME LOANS SERVICING, LP, et al., | Case No. 1:10cv2910 |
| Appellants, | Judge Dan Aaron Polster |
| vs. | |
| DUONG, et al., | **MEMORANDUM OF OPINION ORDER** |
| Appellees. | |

The issue currently before the Court is whether an October 27, 2010 order ("October 27 Order" or "Order") made by the United States Bankruptcy Court of the Northern District of Ohio ("Bankruptcy Court") is final, and therefore appealable as of right. For the reasons discussed, *infra*, the Court holds that the October 27 Order was not final and appealable and hereby **DISMISSES WITHOUT PREJUDICE** Appellants' appeal (**Doc #: 1**). Moreover, the Court **DENIES** Appellants' Motion for Leave to Appeal (**Doc #: 2**), which was presented in the alternative.

**I.**

On July 21, 2010, Home Loan Services ("HLS") filed an objection to the bankruptcy debtors' plan, stating that it was a secured creditor and held a mortgage lien on debtors' real property. (Bankruptcy Court Case No. 10-16084, Doc #: 31.) However, on October 12, 2010, a document was filed entitled "Notice Correcting Identification of Objecting Party Regarding Objection to Debtor's Plan," which changed the objecting party from HLS to

U.S. Bank. On October 13, 2010, the Bankruptcy Court entered an order directing HLS "to show cause why it should not be sanctioned for filing a document with this court that appears to lack a basis in law and fact." (Bankruptcy Court Doc #: 40.)

On October 26, 2010, the Bankruptcy Court held the show cause hearing. During the hearing, the Bankruptcy Court questioned Brian Kusich, Home Loan Vice President and Default Operations Manager for HLS, about the procedures HLS had in place to "mak[e] sure that the documents that are filed with the Courts are filed correctly ..." (Doc #: 1-3 at 3-4.) The Bankruptcy Court additionally asked Kusich why a document filed on June 24, 2010, entitled "Notice of Filing 12-Month Payment History" erroneously listed U.S. Bank as a secured creditor and listed First Franklin Loan Services, rather than HLS, as the servicer. HLS counsel, Rachel Pearson, accepted responsibility for the filing errors, and apologized to the Bankruptcy Court. (*Id*. at 17-22.) At the end of the hearing, and having learned that HLS was being absorbed into BAC Home Loan Servicing, Inc. ("Appellant"), the Bankruptcy Court directed HLS:

> to file by December 27th a statement describing the additional training that you've done in house to make sure the documents that are filed are filed in the correct name. That's probably going to be a pretty timely exercise given the dissolution of the corporation and the transfer of the servicing rights. I'm not expecting to see the name Home Loan Servicing based on what you told me after the end of this month. If I see it, then we'll have to have another conversation.

(*Id*. at 24-25.) After learning that Kusich only managed a group located in Pittsburgh, the Bankruptcy Court directed that this communication should come from Nanette Stevens, the General Manger of HLS, who was not present at the hearing. (*Id*. at 27.)

On October 27, 2010, the Bankruptcy Court issued an order entitled "Order Directing Home Loan Service, Inc. to Establish Training Procedure And File Report Regarding

-2-

Same, and Continuing Hearing." (Bankruptcy Court Doc #: 54.) The Order states:

> The court cautioned Mr. Kusich that Home Loan (in its current incarnation) and BAC (when Home Loan is dissolved and the servicing work is transferred to BAC) are to take all necessary steps to insure that documents are filed by the correct entities and that accurate servicer relationships are disclosed. To that end, on or before **December 27, 2010**, Nanette Stevens, the General Manager of Home Loan Services, Inc., is to file an affidavit identifying the steps that have been taken: (1) to ensure that accurate information regarding the identity of creditors and servicers is provided in documents filed in bankruptcy cases; and (2) to educate and monitor its employees with respect to these issues. If Nanette Stevens does not assume an equivalent position with BAC, then whoever holds that position is to file the report. The hearing is adjourned to **January 4, 2011 at 10:00 a.m.** for docket reporting purposes. Upon review of the report, the court will determine whether further action or hearing is required.

(Id. at 2-3) (emphasis in original).

On December 23, 2010, Appellants BAC Home Loans Servicing, LP, and US Bank, National Association, filed a Notice of Appeal (Doc #: 1) and Motion for Leave to Appeal (Doc #: 2) in this Court. The Court held a teleconference on December 27, 2010, during which the Court questioned whether the Order was final and appealable and therefore whether the Court had jurisdiction. Consequently, the Court ordered Appellants to file a brief on the issue of whether the October 27 Order being appealed was a final, appealable order. Appellants filed their brief on February 14, 2011. (Doc #: 4.) On February 18, 2011, the Court invited the Chapter 13 Trustee to respond to Appellants' brief. The Chapter 13 Trustee filed a response on February 28, 2011, and then, at the Court's request, a more comprehensive brief on March 14, 2011. (Doc ##: 6,8.) On April 11, 2011, Appellants responded to the Chapter 13 Trustee's brief. (Doc #: 11.)

**II.**

Under federal bankruptcy law, district courts have jurisdiction to hear appeals

"from final judgments, orders, and decrees" of bankruptcy courts. 28 U.S.C. §158(a). Additionally, upon leave of the court, a district court has jurisdiction to hear appeals from interlocutory orders. *Id*. Appellant argues that the Bankruptcy's Court October 27, 2010 Order is a sanctions order that is "final and appealable as of right because it finally disposed of the discrete dispute that was the subject of the show cause proceedings." (Doc #: 4 at 2.) That is, the Bankruptcy Court's October 27 Order sanctioned Appellant for its conduct and therefore is final and appealable. The Chapter 13 Trustee, on the other hand, asserts that the Order is not final and appealable because the Bankruptcy Court did not impose any sanction.

The Court agrees with the Chapter 13 Trustee and rejects Appellant's contention. Depending upon the circumstances, a bankruptcy court's order imposing sanctions, including nonmonetary sanctions, may be appealable as a final order. *See In re Wingerter*, 594 F.3d 931, 936-38 (6th Cir. 2010). Here, however, the Bankruptcy Court's October 27 Order did not impose a sanction or end the show cause hearing. Therefore the Order is not final and appealable.

The show cause hearing focused on why the filing errors occurred in the first place and what steps Appellant had taken or would take to ensure there were no more erroneous filings. During the hearing, Appellant failed to provide a "satisfactory explanation" to the Bankruptcy Court's inquiries. (Bankruptcy Doc #: 54 at 2.)

The Bankruptcy Court's subsequent October 27 Order directed Appellant to provide that explanation by December 27, via an affidavit from its General Manager. The Order was not a sanction because it did not penalize Appellant for the errors in its filings. The Bankruptcy Court did not order Appellant to pay a fine, did not make any ruling against

Appellant or in favor of any other party, or even reprimand Appellant for its conduct. Rather, the Bankruptcy Court continued the matter for two months to give Appellant the opportunity to file an affidavit identifying the steps it had taken to ensure that accurate information would be filed and that employees would be educated about these procedures. Aside from filing the affidavit, the Bankruptcy Court's Order does not require Appellant to take any action.

Moreover, the fact that the October 27 Order neither states any legal basis for a sanction nor makes any of the findings necessary to merit sanctions is strong circumstantial evidence that the Order should not be considered a sanction. *See e.g.* Fed. R. Bank. Pro. 9011(c)(3) ("When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed"). For example, in *In re Wingerter*, 594 F.3d 931, 936-38 (6th Cir. 2010), the Sixth Circuit Court of Appeals considered an appeal of a bankruptcy court's order finding that the appellant had engaged in sanctionable conduct under Rule 9011(b) of the Federal Rules of Bankruptcy Procedure. The Bankruptcy Appellate Panel ("BAP") had deemed the appeal moot because the finding of sanctionable conduct did not include an actual monetary sanction. The Court of Appeals reversed the BAP, holding that the finding that conduct was sanctionable was a sanction in itself. Critically, the Court of Appeals disagreed with the conclusion that the order was not a sanction because it did not expressly reprimand the appellant. The Court of Appeals noted that the bankruptcy court's lengthy discussion of the appellant's violation of Rule 9011(b) in its order was definitive proof that the finding of sanctionable conduct was intended to act as a sanction. *Id*. at 938.

In contrast, the Bankruptcy Court here did not specify a violation of any particular

rule warranting sanction nor did it make any finding that Appellant's conduct was subject to reprimand or sanction. While these omissions might reflect a facially defective sanctions order, they are far more readily explainable as the conscious decision by the Bankruptcy Court not to impose any sanctions at the end of October. Rather than sanction Appellant, the Bankruptcy Court sought to obtain further information about the remedial measures taken by Appellant before making a decision on sanctions. Thus, rather than being a sanction, the Bankruptcy Court's October 27 Order actually provides Appellant another opportunity to demonstrate why sanctions are not warranted.

The adjournment of the show cause hearing until January 4, 2011, further illustrates that the Bankruptcy Court's October 27 Order is not appealable because it was not intended to be final. The October 27 Order expressly states: "Upon review of the report the court will determine whether further action or hearing is required." (Doc #: 54 at 3.) By its very terms, the October 27 Order is not a final one. The Bankruptcy Court announced that it would review Appellant's affidavit before deciding whether or not to take further action. Had the hearing resumed on January 4, 2011, and the Bankruptcy Court imposed a fine, overruled or dismissed the objection to the debtors' plan because of the incorrect filing, or even issued a formal reprimand for what it determined to be a violation of the Bankruptcy Rules, Appellant could have then appealed the Bankruptcy Court's decision. At the time of Appellant's appeal, the Bankruptcy Court had done none of these things. As there remained much left for the Bankruptcy Court to determine with regard to the show cause hearing, the October 27 Order did not "finally dispose of the discrete dispute" that was the subject of the hearing. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 579 (6th Cir. 2008) (citation omitted). Therefore this

Court does not have jurisdiction, as of right, to hear Appellants' appeal.

Moreover, the Court will not exercise its discretionary power to hear an interlocutory appeal.  The October 27 Order falls within the inherent case management powers of the Bankruptcy Court.  Filings containing the incorrect names of entities have the potential to jeopardize any court proceeding, particularly foreclosure proceedings where inaccurate filings have attracted national attention.  The Bankruptcy Court wanted to assure itself of the accuracy of future filings in this case, and in other cases in which Appellant is a party.  This Court has no intention of interfering in that effort by accepting an interlocutory appeal.

### III.

Having considered the briefs submitted by both Appellants and the Chapter 13 Trustee, the Court holds that the Bankruptcy Court's October 27 Order was not a final appealable order.  Accordingly, Appellant may not bring its appeal as of right and the Court hereby **DISMISSES WITHOUT PREJUDICE** Appellants' appeal (**Doc #: 1**).  Additionally, the Court will not use its discretion to hear the interlocutory appeal.  Therefore, the Court **DENIES** Appellants' Motion for Leave to Appeal (**Doc #: 2**).

**IT IS SO ORDERED.**

 */s/ Dan Aaron Polster       May 5, 2011*
**Dan Aaron Polster**
**United States District Judge**